[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13590

Non-Argument Calendar

_____

PAMELA TURNER,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01123-ACA

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Pamela Turner appeals the district court's order affirming the Social Security Commissioner's partially favorable decision of her claims for a period of disability and disability insurance benefits. The administrative law judge ("ALJ") found that Turner was not disabled as of February 8, 2019. Turner asserts that this finding was not supported by substantial evidence and that the Appeals Council erred by declining to collect evidence from her medical providers or order a consultative examination. After careful consideration, we affirm.

## I.

Turner applied for disability insurance benefits based on a period of disability beginning on February 1, 2016. The ALJ found that, from that date through February 7, 2019, Turner was disabled under 20 C.F.R. § 404.1520 due to cervical degenerative disc disease, lumbar degenerative disc disease, left knee degenerative joint disease, seizure disorder, cerebral atherosclerosis, myalgia, obesity, bipolar disorder, generalized anxiety disorder, learning disability, cognitive dysfunction, and transient alteration of awareness.

But the ALJ found that her disability ended on February 8, 2019. The ALJ relied on a treatment record from that date stating that her seizures were well controlled and that she had no new complaints, was doing well, and had a good mood. Considering

that evidence, the ALJ only partially credited certain statements by Turner regarding the intensity, persistence, and limiting effects of her symptoms, finding that they conflicted with the medical record. The ALJ thus concluded that Turner had experienced medical improvement related to her ability to work, and that she had the residual functional capacity to perform limited sedentary work. *See* 20 C.F.R. §§ 404.1520(g), 404.1567(a), 404.1594(b)(1), (b)(4)(i).

Turner requested that the Appeals Council review the ALJ's decision. She asserted that, contrary to that decision, her condition had worsened since February 8, 2019. She listed several medical providers who she said could corroborate these statements. But the Appeals Council notified her that she was responsible for sending any evidence she wanted it to consider, and it gave her thirty days to do so. After she failed to submit additional evidence, the Appeals Council denied her request for review.

Turner then filed a complaint against the Commissioner in federal district court. She asserted that the denial of benefits went against the weight of the record, and that the Appeals Council perfunctorily adhered to the ALJ decision without requesting her medical records or obtaining a consultative evaluation.

The district court affirmed the Commissioner's denial of disability benefits. It found that the ALJ's decision was based on substantial evidence, and that Turner had failed to produce medical evidence of her condition after February 8, 2019. It also found that she had abandoned her argument that the Appeals Council had a duty to request her medical records and obtain a consultative

evaluation because she made it in a conclusory fashion without citation to legal authority. Turner now appeals the district court's decision.

## II.

We review *de novo* the Commissioner's legal conclusions, and "[t]he Commissioner's factual findings are conclusive if supported by 'substantial evidence.'" *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (quoting 42 U.S.C. § 405(g)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan,* 125 F.3d 1436, 1439 (11th Cir.1997)). "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (cleaned up) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).

## III.

On appeal, Turner argues that the finding that she was not disabled as of February 8, 2019, was not based on substantial evidence. She also asserts without elaboration that the Appeals Council had a duty to request her medical records and obtain a consultative evaluation. We address each argument in turn.

First, we turn to the ALJ's finding that Turner was not disabled as of February 8, 2019. An ALJ may terminate a claimant's benefits upon finding there has been medical improvement in the claimant's impairments related to the claimant's ability to work and the claimant "is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1); *see also* 20 C.F.R. § 404.1594. A claimant bears the burden of proving her disability by producing evidence to support her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). If an ALJ discredits a claimant's testimony, the ALJ's credibility determination must be reflected on the record. *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995). A credibility finding that is clearly articulated and supported by substantial evidence will not be disturbed. *Id.* at 1562.

Here, substantial evidence supports the ALJ's finding that Turner was no longer disabled as of February 8, 2019, because her treatment record from that date showed that her seizures were well controlled and that she was doing well overall, had no new complaints, and had a good mood. And although Turner contends that her testimony supported her continued disability, the ALJ found her testimony to be only partially credible. This finding was clearly articulated and is supported by substantial evidence, as Turner's testimony partially conflicted with the medical evidence.

Second, we address Turner's unelaborated assertion that the Appeals Council had a duty to request her medical records and obtain a consultative evaluation. This argument was not adequately developed in Turner's brief. An appellant forfeits an argument by

"mak[ing] only passing references to it or rais[ing] it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). In her briefing, Turner states that the Appeals Council failed to request her records or obtain a consultative evaluation. But she cites no authorities or makes any other argument tending to establish that it had a duty to do so. She has therefore failed to adequately develop this argument, and it is forfeited.

## IV.

Because the ALJ's finding about Turner's disability was supported by substantial evidence, we **AFFIRM**.